# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**JERRY PAUL FRANCIS #86386**      **CASE NO. 6:18-CV-01350 SEC P**

**VERSUS**     **JUDGE DOUGHTY**

**DARREL VANNOY**     **MAGISTRATE JUDGE HANNA**

## MEMORANDUM ORDER

Pro se petitioner Jerry Paul Francis, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, on October 11, 2018. Petitioner attacks his 1976 conviction for armed robbery and the 99-year sentence imposed thereon by the Sixteenth Judicial District Court, St. Martin Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Petitioner was charged by bill of information with the armed robbery of a teller at the St. Martin Bank and Trust Company on May 26, 1976. Proceedings were initiated in the Sixteenth Judicial District Court for the Parish of St. Martin, but subsequently transferred to the Parish of St. Mary after a successful motion for a change of venue. Following a trial by jury, Petitioner, who was 17 years old at the

time, was found guilty as charged. He was sentenced to ninety-nine (99) years at hard labor in the custody of the Department of Corrections without benefit of parole, probation or suspension of sentence. His conviction and sentenced was affirmed by the Louisiana Supreme Court in 1977. *State of Louisiana v. Preston George Demouchet, Jr. and Jerry Paul Francis*, 353 So.2d 1025 (1977).

The United States Supreme Court subsequently decided *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012), holding that the imposition of mandatory sentences of life without parole for juvenile offenders violates the Eighth Amendment's prohibition of cruel and unusual punishment. *Montgomery v. Louisiana*, 136 S. Ct. 718, 734-36, 193 L. Ed. 2d 599 (2016), made the *Miller/Graham* line of cases retroactive to cases on collateral review.

Based on Petitioner's undated filings, sometime in 2016, he filed a pro se Motion to Correct an Illegal Sentence in the Sixteenth Judicial District Court. Citing *Miller/Graham* as authority, he argued that the imposition of a life sentence without benefit of parole for an offense committed while he was a juvenile was unconstitutional and illegal and mandated re-sentencing. [Rec. Doc. 1-3, pp. 15-18] Petitioner also filed into the record in this matter an undated Application for Writ of Certiorari into the Louisiana Supreme Court on this issue. *Id*. at pp. 7-14. The Louisiana Supreme Court denied an Application for Supervisory and/or Remedial

Writs, without reasons, on September 14, 2018. *State ex rel. Francis v. State*, 251 So. 3d 1088, 2017-0814 (La. 09/14/18).

Petitioner filed the instant petition on October 11, 2018, arguing that the Louisiana Courts' rulings on his Motion to Correct Illegal Sentence was contrary to, and an unreasonable application of, clearly established law as determined by the Supreme Court.

## Amend Order

Before reaching the merits of a habeas claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court, whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1), and/or whether any of the claims raised are subject to the procedural default doctrine.

Therefore,

**IT IS ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide the following information and documents:

1. DATED copies of ALL post-conviction pleadings filed by petitioner in the Sixteenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court; and

2. Copy of the Orders/Judgments/Reasons for Judgment of the Fifteenth Judicial District Court and the Third Circuit Court of Appeals, addressing petitioner's post-conviction claims.

In the event petitioner is unable to provide DATED COPIES he may prove the date of filing by other means, such as prison mail logs, etc.

THUS DONE in Chambers on this 4th day of December, 2018.

_____
Patrick J. Hanna
United States Magistrate Judge