UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JERRY PAUL FRANCIS #86386          CASE NO. 6:18-CV-01350 SEC P

VERSUS                            JUDGE DOUGHTY

DARREL VANNOY                     MAGISTRATE JUDGE HANNA

REPORT AND RECOMMENDATION

Pro se petitioner Jerry Paul Francis, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on October 11, 2018.  Petitioner attacks his 1976 conviction for armed robbery and the 99-year sentence imposed thereon by the Sixteenth Judicial District Court, St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

I.      Background

Petitioner was charged by bill of information with the armed robbery of a teller at the St. Martin Bank and Trust Company on May 26, 1976.  Proceedings were initiated in the Sixteenth Judicial District Court for the Parish of St. Martin, but subsequently transferred to the Parish of St. Mary after a successful motion for a change of venue.  Following a trial by jury, Petitioner, who was 17 years old at the time, was found guilty as charged. He was sentenced to ninety-nine (99) years at

hard labor in the custody of the Department of Corrections without benefit of parole, probation or suspension of sentence.[1]  His conviction and sentenced was affirmed by the Louisiana Supreme Court in 1977.  *State of Louisiana v. Preston George Demouchet, Jr. and Jerry Paul Francis*, 353 So.2d 1025 (1977).  Petitioner subsequently filed numerous post-conviction motions in the state courts.

Relevant to the petition presently before this Court is a "Motion to Correct an Illegal Sentence" filed in the state court on September 10, 2016, in which petitioner argues that, based on the United States Supreme Court's ruling in *Graham v. Florida*, 560 U.S. 48 (2010), his sentence of 99 years at hard labor without benefits is illegal.  Rec. Doc. 20-67, pp. 40-43.  He asked that he be resentenced for simple robbery, which carried, at the time of the offense, a maximum of five years, and that he be released[2].  *Id.*  The State responded to the petitioner's motion, noting that it was actually an application for post-conviction relief, and asserted procedural bars and bars on the merits.  Rec. Doc. 20-68, pp. 8-17.  On March 6, 2017, the state trial court denied the petitioner's motion "for the reasons set forth in the State's

---

[1] This sentence is running consecutive to a 99-year sentence in Acadia Parish for a different armed robbery.

[2] It should be noted that *Graham* only requires that juvenile offenders convicted of a single non-homicide offense be provided a meaningful opportunity for release, i.e. parole eligibility. Petitioner concedes that pursuant to Act 790 of 1990, he has, in fact, been eligible for parole since 1990 [rec. doc. 1-2, pp. 4-5] and has been before the parole board, and denied parole, in 2003 and 2014 [*id.* at p. 5].

2

Response."   *Id.* at p. 38.   The petitioner sought writs in the Louisiana Supreme Court, which were denied on September 14, 2018.   *Id.* at p. 25.

In the petition for habeas corpus before this Court, Francis raises the sole issue of whether the Louisiana courts' rulings on his motion to correct illegal sentence was contrary to and an unreasonable application of clearly established law as determined by the United States Supreme Court in *Graham v. Florida*.[3]

## II.   Law and Analysis

### a.   Timeliness

The state argues, and this Court agrees, that the instant petition for writ of habeas corpus is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") included a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provided:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[3] While Francis references *Miler v. Alabama*, 567 U.S. 460 (2012), in his argument, he specifically states that the petition before this Court is brought "pursuant to *Graham v. Florida*." Rec. Doc. 1-2, p. 3.

> of the United States is removed, if the applicant [*5] was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As noted, under Subsection C, relied upon by petitioner herein, the statute of limitations commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Here, petitioner's federal application is founded on *Graham v. Florida*, *supra*, in which the United States Supreme Court first held that the Eighth Amendment forbids the sentence of life imprisonment without parole for a non-homicide offense committed by a juvenile offender. Further, the United States Fifth Circuit Court of Appeals has held that "*Graham* clearly state[d] a new rule of constitutional law that was not previously available" and that it "ha[d] been made retroactive to cases on collateral review by the Supreme Court." *In re Sparks*, 657 F.3d 258, 260 (5th Cir. 2011) (quotation marks omitted).

Under Subsection C, the one-year limitations period commences on the date the right at issue was initially recognized, not the date on which the Supreme Court declared that the new rule was retroactive to cases on collateral review. *Hauser v. Cain*, Docket No. 14-cv-2654, 2016 U.S. Dist. LEXIS 121618, 2016 WL 4703974, at *4 (W.D. La. July 18, 2016), *adopted*, 2016 U.S. Dist. LEXIS 121202, 2016 WL 4703509 (W.D. La. Sept. 6, 2016); *see Roussell v. Day*, 33 Fed. Appx. 704, 2002 WL 432662 (5th Cir. 2002); *cf. United States v. Lopez*, 248 F.3d 427 (5th Cir. 2001). Accordingly, the federal limitations period applicable to petitioner's claim commenced on the date that *Graham* was issued, May 17, 2010. As petitioner did not file his motion to correct illegal sentence in the trial court until 2016, it is clearly time barred.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "equitable tolling is unavailable in most cases ...." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *accord Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances" (emphasis added)). Indeed, "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented

timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

For the reasons above, Francis' federal application for habeas corpus relief is untimely.

### III.    Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

**IT IS FURTHER RECOMMENDED** that petitioner's Motion for Entry of Default [Rec. Doc. 14] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 29th day of January, 2020.

_____

**Patrick J. Hanna**
**United States Magistrate Judge**